UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-CV-23686-ALTONAGA
MAGISTRATE JUDGE REID

DEYANSA MACKEY,

    Plaintiff,

v.

L.M. Vega,

    Defendant.
_____/

## REPORT OF MAGISTRATE JUDGE RE DEFENDANT VEGA'S MOTION TO DISMISS [ECF No. 16]

### I. Introduction

Plaintiff, **Deyansa Mackey,** filed a *pro se* Amended Complaint pursuant to 42 U.S.C. § 1983 against multiple Defendants at the Miami-Dade County Pre-trial Detention Center regarding inadequate medical treatment. [ECF No. 9]. Plaintiff is proceeding *in forma pauperis*. [ECF No. 7]. This case has been referred to the Undersigned for issuance of all preliminary orders and recommendations to the district court regarding dispositive motions. *See* 28 U.S.C. § 636(b)(1)(B), (C), Fed. R. Civ. P. 72(b), S.D. Fla. Local Rule 1(f) governing Magistrate Judges, and S.D. Fla. Admin. Order 2019-02. [ECF No. 2].

Defendant Vega has filed a Motion to Dismiss [ECF No. 16], alleging that Plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). Plaintiff has filed a brief and conclusory Response to the Motion in opposition. [ECF No. 18]. Defendant Vega filed a Reply. [ECF No. 19]. For the reasons discussed below, the Motion to Dismiss [ECF No. 16] should be GRANTED.

## II. Factual Allegations

The Court previously summarized the factual allegations in the Amended Complaint as follows:

> [Plaintiff] alleges that his right thumb was fractured while he was trying to help an inmate who was cut by an unknown object. [ECF No. 9 at 7]. After the incident, he was taken to a clinic for his hand to be examined. [*Id*. at 6]. He showed a nurse his right hand, and although it was swollen, she told him there was nothing wrong with his hand and gave him an ice pack. [*Id*.]. He filed multiple grievances and medical requests for x-rays and was seen three to four months later. [*Id*.]. His "first [x]-ray was voided" and he never saw the results. [*Id*.]. He was then given another x-ray and was informed that his right thumb was fractured. [*Id*.].
>
> Plaintiff had surgery and was placed in medical housing for recovery. [*Id*]. He claims that he was supposed to wear a cast for three weeks, but instead, the cast remained on for four weeks because "corrections" failed to take him to his appointment. [*Id*.]. After Plaintiff's cast was removed, he was prescribed occupational therapy. [*Id*.]. He has attached a prescription from Jackson Rehabilitation Hospital, dated September 10, 2018, which states "occupational therapy" and "[p]lease perform AROM/PROM exercises to improve right thumb ROM . . . ." [*Id*. at 5].
>
> Plaintiff alleges that he was never taken to occupational therapy because "corrections failed to take [him]." [*Id*. at 6]. He further asserts that Supervisor Vega is in charge of sending all inmates to the hospital and is the medical supervisor. [*Id*.]. Plaintiff claims that the alleged events occurred over a seven-month period. [*Id*. at 7].
>
> Lastly, he asserts that his right thumb has "two screws in it from surgery[,]" and that his thumb "still does [not] work properly because [he] was never [taken] to [his] occupational therapy." [*Id*. at 8]. He seeks injunctive relief [*Id*. at 4], and monetary damages. [*Id*. at 8].

[ECF No. 10]. Based on these facts, the District Court permitted Plaintiff's deliberate indifference claim against Defendant Vega to proceed. [ECF No. 11].

## III. Discussion

A. <u>Positions of the Parties</u>

Defendant Vega asserts that Plaintiff failed to exhaust his administrative remedies by failing to submit any grievance related to the incidents described in the Amended Complaint before

filing suit. [ECF No. 16 at 3]. To support his argument, Defendant Vega cites to a copy of the Miami-Dade Corrections and Rehabilitation Department's ("MDCR") Departmental Standard Operating Procedure ("DSOP") No. 15-001 [ECF No. 16-1], the MDCR Inmate Handbook [ECF No. 16-2], and a Declaration by MDCR Inmate Services Administrator Reynaldo Romero [ECF No. 16-3].

In Response, Plaintiff, in a conclusory fashion, alleges that he "has exhausted his administrative remedies with respect to all claims and the defendant." [ECF No. 18 at 1]. Plaintiff provides no grievances or other evidentiary support as evidence for his assertion.

B. Applicable Law and Procedures

The PLRA requires an inmate to exhaust administrative remedies before filing a civil rights action. *See* 42 U.S.C. § 1997e(a); *see also Porter v. Nussle*, 534 U.S. 516, 524 (2002). The requirement is mandatory and there is no discretion to waive it. *See id.* The PLRA requires proper exhaustion, which means a prisoner must comply with the procedural rules and deadlines of the institution's grievance system. *See Woodford v. Ngo*, 548 U.S. 81 (2006).

The current exhaustion requirement was designed to reduce the quantity and improve the quality of prisoner suits and affords corrections officials an opportunity to address complaints internally before allowing the initiation of a federal case; and in some instances, corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation. *See Porter*, 534 U.S. at 516-17. In other instances, the internal review might filter out frivolous claims; and for cases brought to court, help create a record clarifying the controversy's contours could facilitate adjudication. *See id.* at 517.

There are no futility or inadequacy exceptions to the PLRA's mandatory exhaustion requirement. *See Alexander v. Hawk*, 159 F.3d 1321, 1325-26 (11th Cir. 1998). A prisoner must

3

exhaust all administrative remedies that are available before filing suit, regardless of their adequacy. *See id.* at 1325-26. For instance, an inmate who is seeking money damages as relief from defendants in a lawsuit must exhaust all administrative remedies before filing suit, even if money damages are not available as relief through the jail/prison grievance procedure. *See id.*

The Eleventh Circuit has held that exhaustion of administrative remedies is a matter in abatement and not an adjudication on the merits; and, therefore, an exhaustion defense is not properly raised in a motion for summary judgment, but it "should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment." *Bryant v. Rich*, 530 F.3d 1368, 1375 (11th Cir. 2008) (quoting *Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 368-69 (9th Cir. 1998) (internal quotation marks omitted))). Even though motions to dismiss for failure to exhaust are not expressly mentioned in Rule 12(b), federal courts have traditionally "entertained certain pre-answer motions that are not expressly provided for by the rules." *Id.* (quoting *Ritza*, 837 F.2d at 369) (internal quotation marks omitted). As such, exhaustion of administrative remedies is a matter of judicial administration and held that exhaustion should be decided on a Rule 12(b) motion to dismiss. *See id.* (citing *Johnson v. Meadows*, 418 F.3d 1152, 1153-54 (11th Cir. 2005). Where exhaustion is treated as a matter in abatement, "it is proper for a judge to consider facts outside of the pleadings and to resolve factual disputes so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop the record." *Id.* (citing *Ritza*, 837 F.2d at 369).

The Eleventh Circuit has explained that:

> [w]hen deciding whether a prisoner has exhausted his remedies, the court should first consider the plaintiff's and the defendant's versions of the facts, and if they conflict, take the plaintiff's version of the facts as true. "If in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." *Turner v. Burnside*, 541 F.3d 1077,

4

> 1082 (11th Cir. 2008) (*citing Bryant*, 530 F.3d at 1373-74). If the complaint is not subject to dismissal at this step, then the court should make "specific findings in order to resolve the disputed factual issues related to exhaustion." *Id.* (*citing Bryant*, 530 F.3d 1373-74, 1376).

*Myles v. Miami-Dade Cnty. Corr. & Rehab. Dept.*, 476 F. App'x 364, 366 (11th Cir. 2012).

A prisoner who wishes to exhaust his administrative remedies while in the custody of MDCR must adhere to the procedures outlined in the MDCR D.S.O.P. No. 15-001 ("Inmate Complaint/Grievance Process"). [ECF No. 16-1]. These procedures provide that inmates shall submit a completed Inmate Grievance form to MDCR staff within 10 workdays of the relevant incident. [*Id*. § VI(C)]. This procedure is also explained in the inmate handbook. [ECF No. 16-2, § VII(C)].

The administrative procedures, as reflected in the Inmate Complaint/Grievance Process, further set forth that an inmate who remains unsatisfied after a grievance resolution shall appeal the grievance decision. Section XIII of the Inmate Complaint/ Grievance Process states:

> Inmates have the right to appeal a grievance response. Inmates may request an Inmate Grievance Appeal form from staff and shall receive it immediately upon request. Inmates shall complete and submit the form within two work days from receipt of the grievance response.

[ECF No. 16-1, § XIII]. At that point, the appeal is reviewed by the appropriate MDCR Division Chief or Inmate Medical Provider ("IMP") Director, whose decision is final and there is no further appeal. [*Id*.]. In other words, pursuant to MDCR procedures, administrative exhaustion is a two-step process—a grievance must be filed, and, if an inmate is not satisfied with the resolution of that grievance, the inmate must appeal the decision to complete the administrative process.

C. <u>Analysis</u>

Here, Plaintiff asserts that he exhausted administrative remedies and the Defendant insists that he did not. However, when addressing the exhaustion of his administrative remedies in his

Amended Complaint, Plaintiff claims he "was seen for a grievance about pain in [his] right hand and that it was swollen," [ECF No. 9 at 18], and that as a result, he was taken "to be seen for x-rays." [*Id.* at 19]. Plaintiff claims that he didn't need to appeal the grievance because he received the requested relief: his appointments for x-rays were scheduled. [*Id.*].

Plaintiff does not assert that he filed any grievance about the claim at issue here: Defendant Vega's alleged failure to send him for occupational therapy. As asserted by the Defendant [ECF No. 16 at 8], even when assuming Plaintiff's general grievance about the pain in his hand and his request for x-rays was sufficient to alert jail officials to the issue, Plaintiff admits that he failed to appeal this grievance because he received x-rays in compliance with his request. Accordingly, he failed to appeal the outcome of his grievance as required by MDCR's grievance process. [ECF No. 16-1, § XIII]. Thus, even when taking Plaintiff's allegations as true, the Amended Complaint is subject to dismissal for failure to exhaust administrative remedies. *See Myles*, 476 F. App'x at 366.

However, even assuming that Plaintiff's facts taken in the most favorable light do not mandate the dismissal of the Amended Complaint, it is nevertheless due to be dismissed because the factual evidence provided by the Defendant attached to his motion establishes that Plaintiff failed to follow proper MDCR procedures for exhausting his administrative remedies. As asserted by the Defendant, Plaintiff failed to file any grievance related to Defendant Vega or his request for occupational therapy. [ECF No. 16 at 9]. This assertion is supported by Inmate Services Administrator Reynaldo Romero's sworn Declaration attached to the Motion. [ECF No. 16-3]. Accordingly, because Plaintiff failed to timely file a grievance about this incident, he failed to exhaust his administrative remedies prior to filing this lawsuit.

The only remaining question then with respect to this issue is whether this action should be dismissed with or without prejudice. In *Bryant*, where the Eleventh Circuit stated in a footnote

6

that dismissal for failure to exhaust administrative remedies with prejudice could be appropriate in certain circumstances, including where "administrative remedies have become unavailable after the prisoner had ample opportunity to use them and no special circumstances justified failure to exhaust." *Bryant*, 530 F.3d at 1375 n. 11 (citing *Berry v. Kerik*, 366 F.3d 85 (2d Cir. 2004)).

Here, the Defendant asserts that this action should be dismissed *with prejudice* but has not shown that MDCR administrative remedies "are absolutely time barred or otherwise clearly infeasible." *Id.* Plaintiff is still in MDCR's custody and MDCR policy provides that the "time limitation for the inmate grievance appeal process" may be extended "if agreed to in writing by the inmate and the respective Division Chief or IMP Director." [ECF No. 16-1, §§ VII(D) and XIII]. Thus, Plaintiff *may* still have the ability to exhaust his administrative remedies with respect to his claim against Defendant Vega. Accordingly, this action is due be dismissed for failure to exhaust administrative remedies without prejudice.

## IV.    Conclusion

It is, therefore, recommended that Defendant Vega's Motion to Dismiss [ECF No. 16] be GRANTED, and that this action be dismissed without prejudice.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar plaintiff from a *de novo* determination by the District Judge of an issue covered in this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the District Judge except upon grounds of plain error or manifest injustice. *See* 28 U.S.C. § 636(b)(1); *see also Thomas v. Arn*, 474 U.S. 140, 149 (1985).

SIGNED at Miami, Florida, this 2nd day of November, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Deyansa Mackey
150020293
Miami-Dade County-PDC
Pretrial Detention Center
Inmate Mail/Parcels
1321 NW 13th Street
Miami, FL 33125
PRO SE

Jennifer Laura Hochstadt
111 NW 1st St.
27th Floor
Miami, FL 33128
(305) 375-5760
Email: Hochsta@miamidade.gov