**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 19-23686-CIV-ALTONAGA/Reid**

**DEYANSA MACKEY**,

      Plaintiff,
v.

**DEPARTMENT OF CORRECTIONS**
**MEDICAL DEPARTMENT**, *et al.*,

      Defendants.
_____/

**ORDER**

On November 15, 2019, Plaintiff, Deyansa Mackey, filed a *pro se* Amended Complaint for Violation of Civil Rights [ECF No. 9]. Plaintiff alleges Defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. (*See generally* Am. Compl.; *see also* Feb. 12, 2020 Report [ECF No. 10] 2–3). Following the screening required by 28 U.S.C. sections 1915(e)(2)(b) and 1915A, the Court entered an Order [ECF No. 11] allowing Plaintiff's claim against Defendant, L.M. Vega ("Defendant") to proceed and dismissing the remaining claims against the other Defendants. (*See* Mar. 2, 2020 Order).

On July 1, 2020, Defendant filed a Motion to Dismiss Amended Complaint for Failure to Exhaust Administrative Remedies [ECF No. 16]. As its title suggests, Defendant asks the Court to dismiss the Amended Complaint with prejudice due to Plaintiff's failure to exhaust administrative remedies as required by 42 U.S.C. section 1997e(a) of the Prison Litigation Reform Act. (*See generally* Mot.). In his barebones one-page Response [ECF No. 18], Plaintiff states he "has exhausted his administrative remedies with respect to all claims and the defendant." (Resp. 1). Defendant filed a Reply [ECF No. 19] on August 12, 2020.

On November 3, 2020, Magistrate Judge Lisette M. Reid entered a Report of Magistrate Judge Re Defendant Vega's Motion to Dismiss ("Report") [ECF No. 20], recommending Defendant's Motion be granted, and Plaintiff's Amended Complaint be dismissed without prejudice so that Plaintiff may exhaust his administrative remedies with respect to his claim against Defendant. (*See* Report 7).

When a magistrate judge's "disposition" has been objected to, district courts must review the disposition de novo. Fed. R. Civ. P. 72(b)(3). When no party has timely objected, however, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note to 1983 addition (citation omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged Congress's intent was to only require a de novo review where objections have been properly filed, not when neither party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate[] [judge]'s factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings." (emphasis in original; alterations added)). The Supreme Court further stated nothing in the legislative history "demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate." *Id.* at 150.

The Report advised the parties they had 14 days to file objections. (*See* Report 8). To date, neither Plaintiff nor Defendant has filed an objection. The Court therefore reviews the Report for clear error.

The Report provides an accurate summary of the facts and law. (*See generally id.*). The Court can find no clear error in the Report's conclusions that: (1) Plaintiff failed to complete the grievance process in relation to the claims asserted here; and (2) Plaintiff's own admission reveals

what the undisputed record evidence demonstrates: no grievance was filed as to Defendant, or Plaintiff's requests for physical or occupational therapy. (*See* Report 6–7). The Report also reviewed Defendant's evidentiary materials and correctly concludes these evidentiary submissions establish Plaintiff never filed a grievance addressing the claims raised in this case. (*See id.*). The Court notes Plaintiff neither raises any meaningful opposition to Defendant's position nor objects to the Report's recommendations. (*See* Resp. 1). Further, the Report rightly finds Defendant has not shown that the administrative remedies are absolutely time barred or otherwise clearly infeasible and thus, appropriately recommends dismissal without prejudice. (*See* Report 6–7).

The undersigned has reviewed the Report, record, and applicable law to assure herself that no clear error appears on the face of the record. In the light of that review, the undersigned agrees with Judge Reid's analysis and recommendations.

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that the Report **[ECF No. 20]** is **ACCEPTED AND ADOPTED**. Defendant, L.M. Vega's Motion to Dismiss Amended Complaint for Failure to Exhaust Administrative Remedies **[ECF No. 16]** is **GRANTED in part**. Plaintiff's Amended Complaint for Violation of Civil Rights **[ECF No. 9]** is **DISMISSED without prejudice**. The Clerk of Court is directed to **CLOSE** this case, and any pending motions are **DENIED** as moot.

**DONE AND ORDERED** in Miami, Florida, this 25th day of November, 2020.

                                                **CECILIA M. ALTONAGA**
                                                **UNITED STATES DISTRICT JUDGE**

cc:       Plaintiff, Deyansa Mackey, *pro se*
           counsel of record
           Magistrate Judge Lisette M. Reid